UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BAKER, CDCR #T-19858,<br><br>                              Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER; Governor; JOHN DOVERY, Director; M.E. BOURLAND, Assoc. Warden; W.C. ROBERTS, Facility Captain; G. STRATTON, Lt. Commander; J. JIMENEZ, Lt. Commander; R. HOPPER, Lt. Commander; J. CRABTREE, Correctional Officer; C. HUGHEY, Correctional Officer; V. CANADA, Correctional Officer; S.D. LEAPHEART,<br><br>                              Defendants. | Civil No.   07-1773 IEG (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 5]; AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)** |

Arthur Baker ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983 which alleges due process, access to courts and Eighth Amendment violations occurring in 2005 at Calipatria State Prison. (Compl. at 1.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5].

**I.    Motion to Proceed IFP**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time.

*See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 5] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    **A.     Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

1  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
2  (discussing 28 U.S.C. § 1915A).
3       "[W]hen determining whether a complaint states a claim, a court must accept as true all
4  allegations of material fact and must construe those facts in the light most favorable to the
5  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
6  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's
7  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
8  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

10  **B.    42 U.S.C. § 1983 Liability**

11       Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
12  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
13  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
14  United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122
15  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

16  **C.    Respondeat Superior Claims**

17       In his Complaint, Plaintiff names Arnold Schwarzenegger, the Governor for the State of
18  California and John Dovery, the Director of the California Department of Corrections and
19  Rehabilitation as Defendants.  However, Plaintiff does not allege any specific factual allegations
20  pertaining to these Defendants in the body of the Complaint.  Thus, it appears that Plaintiff is
21  seeking to hold Defendants Schwarzenegger and Dovery liable in their supervisory capacity.
22  (Compl. at 5-6.)  There is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v.*
23  *Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be
24  individualized and focus on the duties and responsibilities of each individual defendant whose
25  acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844
26  F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order
27  to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual
28  Defendant which have a direct causal connection to the constitutional violation at issue.  *See*

*Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against Governor Schwarzenegger or Director Dovery.

Thus, the claims against Defendants Schwarzenegger and Dovery are dismissed for failing to state a claim upon which section 1983 relief can be granted.

**D.     Access to Courts claims**

In addition, Plaintiff alleges that Defendants have failed to provide him with access to the courts. Here, the Court finds that Plaintiff's factual allegations fall short of the pleading standards necessary to state an access to courts claim. *See* 28 U.S.C. § 1915(e)(2). Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994);

*Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific Defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by Defendants' actions or grievance processing that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, these claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### III.   Conclusion and Order

For the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5] is **GRANTED**.

////

////

2      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.     The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

**DATED: December 20, 2007**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**