# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ARTHUR BAKER, | CASE NO. 07cv1773 - IEG - NLS |
|---|---|
| Plaintiff, | Order Denying Motion for Appointment of Counsel and Denying Motion for 60 Day Extension of Time [Doc. No. 31] |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendant. | |

Plaintiff moves the Court (1) for appointment of counsel and (2) a 60 day extension of time to contact counsel. (Doc. No. 3.) The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. At this stage of the proceedings, the Court does not believe appointment of counsel is necessary. Plaintiff's complaint adequately sets for the factual and legal basis of his claims, and the issues are

1  not particularly complex. Further plaintiff has adequately represented himself through the
2  proceedings thus far. Therefore, the Court DENIES Plaintiff's motion for appointment of counsel.
3  Because the Court denies the appointment of counsel, the request for a 60 day extension of time is
4  DENIED as moot.

**IT IS SO ORDERED.**

DATED: February 6, 2009

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court